# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-309-RJC-DCK

| | |
|---|---|
| **RUSSELL E. MARTIN, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| **CENTURYLINK, INC., EMBARQ** ) | |
| **MANAGEMENT COMPANY, ANDREW** ) | |
| **FREUND, and DEAN DOUGLAS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' Motion To Remand To State Court" (Document No. 11). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. PROCEDURAL BACKGROUND

Russell E. Martin, Jr. ("Plaintiff" or "Martin") initiated this action with the filing of a "Verified Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina, Case No. 18-CVS-9088, on May 11, 2018. The original Complaint asserts state law causes of action against CenturyLink, Inc. ("CenturyLink"), Embarq Management Company ("Embarq Management") (collectively, the "Corporate Defendants") and Andrew Freund ("Freund") (all together, "Defendants"). (Document No. 1-1). Freund was served with the Complaint on May 16, 2018; and Corporate Defendants were served on May 17, 2018. (Document No. 1, p. 2).

Defendants filed a "Notice Of Removal" (Document No. 1) with this Court on June 15, 2018. Defendants contend there is no diversity between the parties and removal to this Court is appropriate, because Defendant Freund was fraudulently joined and there is no possibility Plaintiff can establish a cause of action against him. (Document No. 1, pp. 4-7).

On June 22, 2018, Defendants filed a "Motion To Dismiss" (Document No. 5) seeking dismissal of all Counts against Mr. Freund because he "has been fraudulently joined to this action and none of Plaintiff's six Counts against Mr. Freund states a claim upon which relief can be granted" and seeking dismissal of Count II for violation of the North Carolina Sales Representatives Commissions Act against all Defendants. On that same date, Defendants filed their "Answer To Verified Complaint" (Document No. 6).

On July 3, 2018, "Plaintiff's Motion To Stay Proceedings" (Document No. 9) was filed seeking a stay of further proceedings until the Court ruled on Plaintiff's motion to remand, even though Plaintiff had not filed a motion to remand as of that date. The undersigned declined to allow a stay, noting that Plaintiff had not consulted opposing counsel as required by Local Rule 7.1(b), and that a response to the then pending motion to dismiss was due by July 6, 2018. (Document No. 10). Instead, Plaintiff was ordered to file a response to the motion to dismiss, or an Amended Complaint, on or before July 13, 2018. Id.

"Plaintiffs' Motion To Remand To State Court" (Document No. 11) and "Plaintiff's First Amended Complaint" (Document No. 12) (the "Amended Complaint") were filed with the Court on July 13, 2018. The Amended Complaint names the same Corporate Defendants, as well as Mr. Freund, and adds Dean Douglas ("Douglas") (all together, "Defendants"). (Document No. 12). The Amended Complaint asserts six causes of action: (1) wrongful discharge in violation of the public policy of North Carolina, as set forth in the North Carolina Equal Employment Practices

Act ("NCEEPA") – against Corporate Defendants;  (2) breach of contract (implied at-law) or, alternatively, breach of covenant of good faith and fair dealing – against all Defendants;  (3) tortious interference with contract – against Freund and Douglas;  (4) violation of the North Carolina Wage and Hour Act ("NCWHA") – against all Defendants;  (5) conversion – against all Defendants;  and (6) negligent infliction of emotional distress ("NIED") – against Corporate Defendants.  (Document No. 12, pp. 13-25).  The Amended Complaint notes that CenturyLink is organized under the laws of Louisiana;  Embarq Management is organized under the laws of Delaware;  Douglas is a citizen and resident of Florida;  and Freund is a citizen and resident of Mecklenburg County, North Carolina.  (Document No. 12, pp. 2-3).

Based on the Amended Complaint, Defendants' "Motion To Dismiss" (Document No. 5) was denied as moot on July 16, 2018.  (Document No. 13).

The pending "…Motion To Remand…" has been fully briefed and is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.  See (Document Nos. 11, 15, and 19).

## II.  STANDARD OF REVIEW

"The existence of subject matter jurisdiction is a threshold issue, and any removed case lacking a proper basis for subject matter jurisdiction must be remanded."  UMLIC Consol., Inc. v. Spectrum Fin. Servs. Corp., 3:09-CV-184-RJC-DSC, 665 F.Supp.2d 528, 532 (W.D.N.C. 2009) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96, (1998);  Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999);  and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999)).  The party seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists.  Id.

"If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). "In the absence of a North Carolina case that squarely resolves that Plaintiff's claim is not actionable or when the issue involves a judgment call and a federal court cannot say with certainty what a North Carolina court would hold, remand is proper." Geller v. Provident Life and Acc. Ins. Co., 5:10-CV-096-RLV, 2011 WL 1239835, at *5 (W.D.N.C. Mar. 30, 2011) (citing Hartley v. CSX Transp., Inc., 187 F.3d 422, at 424-25 (4th Cir. 1999).

A party seeking to defeat remand by alleging fraudulent joinder "bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Hartley, 187 F.3d at 424. See also Brittain v. Pacific Cycle, Inc., 5:17-CV-148-RJC-DCK, 2018 WL 1872075, at *4 (W.D.N.C. Apr. 19, 2018). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss." Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999) (quoting Hartley, 187 F.3d at 424). Accordingly, courts should resolve doubts about removal in the plaintiff's favor. Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993).

To establish fraudulent joinder, the removing party must demonstrate that either: (1) "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court," or (2) "there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Marshall, 6 F.3d at 232; Hartley, 187 F.3d at 424. In deciding "whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" Mayes, 198 F.3d at 464 (quoting AIDS Counseling and Testing Centers v Group Television, Inc.,

903 F.2d 1000, 1004 (4th Cir. 1990) (quoting Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964))).

> "Fraudulent joinder" is a term of art, it does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or *in fact* no cause of action exists. In other words, a joinder is fraudulent if "there [is] no real intention to get a joint judgment, and ... there [is] no colorable ground for so claiming."

AIDS Counseling & Testing Centers 903 F.2d at 1003 (quoting Lewis v. Time Inc., 83 F.R.D. 455, 460 (E.D.Ca. 1979)).

Relying on Hartley, this Court has repeatedly held that remand will be granted where a plaintiff shows a "glimmer of hope" of supporting any claim in the complaint. See Electrolux Home Products, Inc. v. Crestmark Bank, 3:14-CV-298-RJC-DSC, 2014 WL 7183059, at *4 (W.D.N.C. Dec. 16, 2014); Sonic Automotive, Inc. v. Blanchard, 3:13-CV-356-RJC-DSC, 2013 WL 5536875, at *3-4 (W.D.N.C. Oct. 7, 2013); Geller, 2011 WL 1239835, at *4.

### III. DISCUSSION

Factual Background

This case arises out of Plaintiff's employment with Defendants. (Document No. 11, p. 3). Plaintiff was hired by Defendant CenturyLink on or about October 21, 2015. (Document No. 12, p. 7). Plaintiff Martin "operated primarily in the Enterprise Sales Team as the Senior Enterprise Relations Manager" and reported directly to his manager, Defendant Freund. Id. Other than Plaintiff, the Enterprise Team was comprised of only white individuals, and Plaintiff "was the sole African American relationship manager in his entire region." (Document No. 12, pp. 7-8).

Plaintiff contends that around late November 2016, he "was wrongfully disciplined for a customer email exchange that ultimately resulted in his termination" on or about December 9,

5

2016. (Document No. 12, p. 8). Plaintiff further contends he "has not been fully compensated for all wages and commissions, promised, due and earned for work undertaken during his employment with Corporate Defendants, and also under the control and/or authorization of Andrew Freund and Dean Douglas, among others." (Document No. 12, p. 9).

The crux of the dispute seems to stem from a merger/acquisition between CenturyLink and Level 3 Communications, LLC ("Level 3"), and the subsequent transfer of the SMS Systems Maintenance Services, Inc. ("SMS") account to Plaintiff's Enterprise Sales Team. (Document No. 12, pp. 9-10). Apparently, this transfer was supported and approved by Mr. Freund, and at his direction the SMS account would be assigned to Plaintiff Martin. (Document No. 12, p. 10). As a result, Plaintiff asserts that this assignment would provide him "significant financial gain, allow him to exceed his sales goals and potentially surpass his white counterparts." Id.

After CenturyLink's merger/acquisition with Level 3, Plaintiff emailed Bill Habel at SMS regarding the relationship between the parties as a result of the merger, and to schedule a meeting. (Document No. 12, pp. 10-11). Plaintiff contends that this email was subsequently "misconstrued, mischaracterized and interpreted in a manner that misrepresented the intent and actions of Plaintiff Martin." (Document No. 12, p. 11). He asserts that he was "'set-up' and falsely accused of engaging in improper solicitation and allegedly violating CenturyLink policies and procedures." (Document No. 12, p. 12).

Plaintiff concludes that he was terminated on false grounds so Defendants could avoid paying him substantial compensation and to make an example of him based on his race. (Document No. 12, p. 13). Plaintiff contends that he is entitled to compensatory and punitive damages, and other relief, based on the alleged violations of North Carolina law by Defendants. (Document No. 12, p. 2).

Motion To Remand

Defendants contend there is no possibility Plaintiff can establish a cause of action against Andrew Freund, the non-diverse Defendant. (Document No. 11, p. 7) (citing Document No. 1-4, ¶ 21); see also (Document No. 1, ¶ 21). There does not appear to be any allegation of "outright fraud in plaintiff's pleading of jurisdictional facts," or any dispute about the residency of the parties; therefore, the question before this Court is whether Mr. Freund was fraudulently joined to defeat federal diversity jurisdiction. See Marshall, 6 F.3d at 232; Hartley, 187 F.3d at 424.

In support of remand, Plaintiff argues that because there is a lack of complete diversity between Plaintiff and Defendants this Court lacks subject matter jurisdiction to decide this case. (Document No. 11, p. 6). Plaintiff contends that Defendants "overstate their argument for fraudulent joinder as they appear to be applying a 12(b)(6) motion to dismiss standard to a motion to remand." (Document No. 11, p. 8). Plaintiff asserts that he has adequately satisfied the more favorable remand standard because he has shown at least a "glimmer of hope" of supporting causes of action against Defendant Freund. Id. (citing Hartley, 187 F.3d at 424-26).

"Plaintiff's Memorandum In Support…" goes on to summarize what he contends to be his viable causes of action against Mr. Freund. (Document No. 11, pp. 9-22).[1] First, Plaintiff argues that he has adequately alleged at this stage a North Carolina Wage and Hour Act ("NCWHA") claim as to Mr. Freund. (Document No. 11, pp. 10-14). Plaintiff contends that liability extends to Mr. Freund as his manager because "Andrew Freund exercised operational control, took an active role in management and had authority over Plaintiff Martin." (Document No. 11, p. 12). According to Plaintiff, the NCWHA's definition of "employer" applies to individuals such as Mr.

---

[1] At this time, it is unclear to the undersigned why Plaintiff's discussion includes two causes of action (violation of North Carolina Sales Representatives Commissions Act and quantum meruit) that are not in the Amended Complaint, but leaves out a reference to the tortious interference with contract claim that is in the Amended Complaint.

7

Freund. (Document No. 11, p. 13). In further support, Plaintiff contends that Mr. Freund is liable for actions and/or inactions that interfered with Plaintiff's ability to retain his employment and to secure his appropriate earnings. Id. Plaintiff suggests that under "the totality of circumstances" a state court could find that Mr. Freund had "sufficient operational control over the employee in question and the alleged actions or omissions that violated the employee's rights." (Document No. 11, pp. 13-14) (citations omitted).

Next, Plaintiff argues that Defendants cannot show that there is no possibility of establishing a breach of contract claim against Freund in state court. (Document No. 11, pp. 15-19). Plaintiff contends that there is a possible claim of breach of an implied contract, or a quasi-contract. (Document No. 11, pp. 15-16). "In a light most favorable to the Plaintiff, which is called for under a motion to remand, . . . Plaintiff states the necessary[y] facts to establish a contract under an Implied at-Law theory." (Document No. 11, p. 17).

Plaintiff also asserts a claim of conversion against all Defendants. (Document No. 11, pp. 19-20). Plaintiff notes that the issue to be determined is ownership and possession of sales proceeds. (Document No. 11, p. 20). He suggests that Freund and/or all Defendants wrongfully converted Plaintiff's commissions and wages related to SMS for his/their own benefit and use. Id.

The crux of Defendants' "Response In Opposition To Plaintiff's Motion To Remand" is that none of Plaintiff's claims against any Defendants are valid. (Document No. 15). In their opposition, Defendants pay little attention to the fraudulent joinder standard or the specific arguments by Plaintiff related to Mr. Freund. Id. Instead of addressing why Plaintiff's lawsuit should not be remanded to state court, Defendants seem to be arguing for dismissal of all of Plaintiff's claims because they are either not "valid "or "fail to state a claim for relief." Id. The "Response In Opposition…" ignores Plaintiff's arguments related to the NCWHA claim, and

8

barely addresses his arguments regarding conversion and breach of contract. Id. Moreover, the Response argues against causes of action that are only asserted against the Corporate Defendants. (Document No. 15, pp. 2 and 4).

In reply, Plaintiff further re-asserts that the claims are sufficiently alleged and that this matter should be remanded. (Document No. 19).

Respectfully, the Court does not find the briefing of either side to be especially helpful. Nevertheless, considering the entire record and resolving all issues of law and fact in Plaintiff's favor, the undersigned is persuaded that this matter should be remanded to the Superior Court of Mecklenburg County. The allegations appear sufficient to support one or more claims against Mr. Freund. Certainly, Defendants have not convinced the undersigned that there is *no possibility* Plaintiff can establish a cause of action against the in-state Defendant.

The undersigned finds this Court's decision in Geller to be instructive:

> This Court cannot predict with certainty how a state court and state jury would resolve the legal issues and weigh the factual evidence in this case. While [Plaintiff]'s claim may not ultimately succeed, ultimate success is not required to defeat removal. *Marshall,* 6 F.3d at 233. Instead, there need be only a slight possibility of recovery. *Id.* The Court having identified a chance of success for Plaintiff, the jurisdictional inquiry ends.

Geller, 2011 WL 1239835, at *5. In short, the undersigned is persuaded that Plaintiff has at least a slight possibility, or a "glimmer of hope," that one or more claims against the non-diverse party, Defendant Andrew Freund, may be successful. See Watkins v. Ashley, 2014 WL 496493 at *4 (E.D.N.C. Feb. 6, 2014).

9

Case 3:18-cv-00309-RJC-DCK   Document 20   Filed 02/20/19   Page 9 of 10

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Plaintiffs' Motion To Remand To State Court" (Document No. 11) be **GRANTED**, and that this matter be **REMANDED** to the Superior Court of Mecklenburg County, North Carolina.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 20, 2019

David C. Keesler
United States Magistrate Judge